IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-10921
_____


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TOMMY HOWARD STRICKLIN,

Defendant - Appellant.
_____

Appeals from the United States District Court for the
Northern District of Texas, Wichita Falls Division

_____
May 1, 2002
Before JOLLY, JONES and BARKSDALE, Circuit Judges.

PER CURIAM:

This case presents a claim under 28 U.S.C. § 2255, brought by Tommy Howard Stricklin. He alleges that he received constitutionally ineffective assistance of counsel because his counsel failed to raise crucial objections during sentencing. We agree and vacate his sentence.

In particular, we hold that the attorney's performance at sentencing did not fall within the "wide range of reasonable professional assistance." <u>See</u> <u>Strickland v. Washington</u>, 466 U.S.

1

668, 689 (1984).  We further hold that this constitutionally deficient performance resulted in prejudice.  Accordingly, because Stricklin was denied the constitutional right to effective assistance of counsel, we vacate the judgment of the district court dismissing Stricklin's § 2255 motion, vacate Stricklin's sentence, and remand for resentencing not inconsistent with this opinion.

I

We briefly sketch out the background facts:  In October 1993, Stricklin agreed to set up a laboratory to manufacture methamphetamine.[1]  Through a confidential informant, agents from the DEA delivered Stricklin chemicals and glassware.[2]  The agents then obtained a search warrant for Stricklin's residence. Execution of the warrant revealed a methamphetamine laboratory in Stricklin's shed.  The laboratory was almost entirely composed of the chemicals and glassware the agents had previously delivered to Stricklin. In the lab, the agents found a triple-neck flask containing a detectable amount of phenylacetone (P2P), which is an

---

[1]According to the Justice Department, methamphetamine ("meth") "is a dangerous, sometimes lethal and unpredictable drug. Meth is also known as speed, ice, and crystal. Like cocaine, meth is a potent central nervous system stimulant. Meth represents the fastest growing drug threat in America today."  See United States Justice Department, Drug Enforcement Division, Methamphetamine, (visited March 24, 2002)<http://www.usdoj.gov/dea/concern/meth.htm> (emphasis in original).

[2]Stricklin later testified that he intended to ruin the chemicals to get the word out that he was incompetent at manufacturing methamphetamine.  According to Stricklin, by showing a lack of skill, he could get the drug world to "leave him alone."

input in the production of methamphetamine. The agents also found a container of phenylacetic acid (PA), which is an input in the production of P2P.

A jury convicted Stricklin on two related counts: possession with the intent to manufacture 2500 milliliters of P2P (Count I), and second, possession of a listed chemical, PA, with intent to manufacture methamphetamine (Count II). The district court sentenced Stricklin to (1) a 188 month prison term under Count I; (2) a 120 month prison term under Count II, which was to run concurrent to his 188 month sentence; (3) a five year term of supervised release; and (4) a $100 special assessment. On direct appeal, we affirmed Stricklin's conviction and sentence. Although Stricklin raised a claim of ineffective assistance of counsel, we did not address this claim because of an inadequately developed record. We dismissed this claim without prejudice.

Stricklin filed a petition for collateral relief under 28 U.S.C. § 2255. The district court denied the petition and Stricklin's request for a COA. However, we granted Stricklin a COA on two issues: (1) whether he was denied effective assistance of counsel because his attorney failed to challenge the district court's finding that he possessed 2,500 milliliters of P2P; and (2) whether he was denied effective assistance of counsel because his attorney failed to challenge the district court's finding that he possessed at least two kilograms of PA.

3

We now turn to examine the two issues certified for appeal.

II

We review factual findings underlying the denial of a § 2255 motion for clear error and conclusions of law de novo. See United States v. Faubion, 19 F.3d 226, 228 (5th Cir. 1994) (citations omitted). To prevail on his ineffective assistance of counsel claim, Stricklin must show that (1) his counsel's performance fell below an "objective standard of reasonableness" and (2) he was prejudiced by his counsel's deficient performance. Strickland, 466 U.S. at 687-88.

Stricklin argues that his counsel was ineffective because he failed to object to the quantity of P2P that was used in the computation of his sentence. Because of this failure to object, on direct appeal we presumably[3] reviewed his "quantity-based" sentencing challenge under the plain error standard instead of the more lenient clear error standard. See United States v. Humphrey, 7 F.3d 1186, 1189 (5th Cir. 1993). We must observe at the outset that it is a cumbersome task to determine the proper sentence for a conviction for the possession with intent to manufacture a compound and mixture containing P2P. The sentencing court must first deduct from the quantity of chemicals seized the materials that "must be separated from the controlled substance before the controlled substance can be used." Application Note 1, U.S.S.G. §

_____

[3]The unpublished opinion does not reflect the standard of review we applied on direct appeal.

4

2D1.1; see United States v. Levay, 76 F.3d 671, 673 (5th Cir. 1996) ("Under the amended guideline, only the actual weight of the controlled substance is applied in calculating the base offense level[.]"). The court then must convert the weight of the remaining chemicals into an equivalent weight of marijuana using the drug equivalence tables found in § 2D1.1 of the sentencing guidelines. Finally, the court must apply the base offense level for the equivalent weight of marijuana. See U.S.S.G. § 2D1.1(c).

Here, the court concluded that Stricklin's Count I offense involved 2,500 milliliters of P2P and computed his sentence accordingly. At trial, the evidence showed that the flask the DEA agents seized from Stricklin's shed did not contain pure phenylacetone. Instead, the flask contained a mixture of substances. A chemist for the government testified that the mixture contained 1.4 milligrams of P2P per milliliter of the mixture. The district court did not -- as required by the sentencing guidelines -- subtract from the P2P mixture the volume of non-usable byproduct. See Application Note 1, U.S.S.G. § 2D1.1. If the district court had done so, Stricklin argues that his sentence would have been based on 3,500 milligrams of P2P rather than 2,500 milliliters of P2P.[4]

The government argues that there is no evidence in the record

---

[4]This figure results from the following calculation: $2{,}500 \text{ mililiters} \times \dfrac{1.4 \text{ milligrams}}{\text{milliliter}} = 3{,}500 \text{ milligrams}$

that supports a finding that the flask contained any waste product whatsoever. We do not find this argument persuasive. Under the guidelines, the weight of the mixture cannot include "materials that must be separated from the controlled substance before the controlled substance can be used." Id. The government's chemist testified that the mixture was approximately 1/1000 part P2P -- the needed input in the manufacture of methamphetamine. It follows that the remainder of the mixture (999/1000 part) had to be separated before Stricklin could use the mixture. See Levay, 76 F.3d at 673 ("The waste water referred to in the amendment commentary is but one example of the type of disposable material that may not be computed in the weight calculated [for the purpose of sentencing]."). Accordingly, the sentencing court clearly erred in concluding that Stricklin's offense involved 2500 milliliters of P2P.[5]

Given this fact, there are three reasons why Stricklin's sentencing counsel's performance did not meet the Strickland objective reasonableness standard. First, the amendment to the guidelines at issue (defining what materials the court should exclude before weighing an illicit mixture) became effective about

_____

[5]In the alternative, the government contends that the flask actually contained 3500 milliliters of a mixture. Based on this contention, the government argues that to comply with the sentencing guidelines (i.e., to ensure that the weight of the mixture did not include non-usable substances) it reduced the volume of the mixture by 28 percent. The government concedes that the record does not support this argument. Accordingly, we see no need to consider the argument.

6

19 months before Stricklin's sentencing.  See U.S.S.G. App. C, Amdt. 484 (effective November 1, 1993).  Second, by the time of the sentencing, we had considered the amendment and held that waste and other non-consumable substances should be excluded before the remaining quantity of the controlled substance is used to calculate a sentence.  See United States v. Mimms, 43 F.3d 217, 220-21 (5th Cir. 1995); United States v. Towe, 26 F.3d 614, 617 (5th Cir. 1994); Levay, 76 F.3d at 673.  Third, the amount of P2P directly determined Stricklin's sentence.  Accordingly, reasonable counsel would have brought the quantity-based argument to the attention of the sentencing court.  In short, this neglected argument was obvious, solid, and based on directly controlling precedent.  See United States v. Williamson, 183 F.3d 458, 463 (5th Cir. 1999).  We therefore hold that the defendant has successfully established the first prong of the Strickland test.

We now turn our attention to the prejudice component of the Strickland test.  It is clear that because Stricklin's counsel failed to object to the quantity of P2P at sentencing, we applied the stringent plain error standard of review on direct appeal.  It is also clear that -- in the light of the reasoning given above -- if Stricklin had lodged an objection at sentencing, on direct appeal, we would have vacated his sentence based on both an incorrect application of the sentencing guidelines and a clearly erroneous finding of fact (i.e., the quantity of P2P).  See United

7

States v. Alarcon, 261 F.3d 416, 423 (5th Cir. 2001) ("[W]e review the trial court's application of the United States Sentencing Guidelines de novo and its factual findings for clear error.") (citation omitted), cert. denied, 122 S.Ct. 854 (2002).

To prove prejudice, however, Stricklin must show that but for counsel's error, his sentence "would have been significantly less harsh." United States v. Franks, 230 F.3d 811, 814-15 (5th Cir. 2000) (quoting Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993)).

The government argues that Stricklin has not made this necessary showing under Franks. Specifically, the government contends that the district court could have based Stricklin's sentence on the capacity of the lab, rather than the quantities of chemicals in the lab. The government then asserts that a capacity-based sentence would have been the same as the quantity-based sentence actually imposed by the district court -- therefore, Stricklin suffered no prejudice.

In the instant case, before the district court could use the capacity of a lab for sentencing, it had to find that "the amount [of controlled substances] seized [did] not reflect the scale of the offense." Comment 12, § 2D1.1. The district court made no such factual finding in this case. We decline to make such a factual finding for the first time on appeal and leave this for the consideration of the district court on remand. In any event,

8

however, in the absence of such a finding, this contention lends no support for the sentence before us today.

Instead, on the record before us, if the district court had computed the sentence correctly, the base offense level would have been 24 instead of 32. For a base offense level of 32, the guidelines mandate 151 to 188 months in prison for a person with Stricklin's criminal background. In contrast, for a base level offense of 24, the guidelines specify 63 to 78 months in prison. This fact, when examined in conjunction with Stricklin's sentence under Count II (a 120 month prison term), means that because of counsel's error Stricklin received upwards of 60 additional months in prison. This additional prison time constitutes prejudice. See Glover v. United States, 531 U.S. 198, 203 (2001) ("Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance.")

As a consequence, we hold that Stricklin has satisfied the prejudice prong of the ineffective assistance of counsel test.

IV

We have reviewed the record and find no merit in the other issue certified for appeal. The district court did not "double count" the PA used for the conviction under Count II when it

9

sentenced Stricklin.

For the foregoing reasons, we vacate the judgment of the district court dismissing Stricklin's § 2255 motion. Furthermore, we vacate Stricklin's sentence and remand for resentencing not inconsistent with this opinion.

JUDGMENT VACATED;

SENTENCE VACATED;

REMANDED.

10