**F I L E D**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————————

No. 02-20440
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RUBEN GARZA,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. H-00-CV-3439
          H-93-CR-7-14
---------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Ruben Garza seeks 28 U.S.C. § 2255 relief from the sentence imposed following his guilty plea to several drug-related offenses.  He was granted a certificate of appealability on the issue whether trial counsel was ineffective at sentencing for not re-urging application of the "safety valve" provisions under U.S.S.G. §§ 5C1.2 and 2D1.1(b)(6).  On review of the denial of a 28 U.S.C. § 2255 motion, we review factual findings for clear

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error and conclusions of law <u>de novo</u>. <u>United States v. Stricklin</u>, 290 F.3d 748, 750 (5th Cir. 2002).

Although Garza was sentenced in September 1998, the district court applied the 1994 Sentencing Guidelines, in which neither U.S.S.G. § 2D1.1(b)(6) nor its predecessor § 2D1.1(b)(4) is found. <u>See</u> Amendment 514, U.S.S.G. Apps. B & C (1995), pp. 415-17; Amendment 555, U.S.S.G. App. C, Vol. 1, p. 405. The propriety of the district court's application of the 1994 Sentencing Guidelines is not before us. <u>See</u> <u>Hughes v. Johnson</u>, 191 F.3d 607, 613 (5th Cir. 1999). Garza correctly concedes that the district court could not have departed downward pursuant to U.S.S.G. § 5C1.2, because his guideline range exceeded the mandatory minimum. <u>See</u> <u>United States v. Solis</u>, 169 F.3d 224, 226 & n.2 (5th Cir. 1999).

In light of the foregoing, he can establish neither the alleged deficiency nor the alleged prejudice arising from counsel's performance. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

AFFIRMED.