United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41107
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES VILLANUEVA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(C-02-CR-44-1)
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant James Villanueva ("Villanueva") appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute more than 50 grams of a mixture or substance containing methamphetamine.  He asserts that the district court erred in imposing a two level enhancement pursuant to U.S.S.G. § 3C1.2 for reckless endangerment during flight.  Villanueva contends that his throwing of a bag containing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

methamphetamine onto a public sidewalk while fleeing from the police is insufficient to support the enhancement.

"We review the district court's factual finding that [a defendant's] conduct amounted to reckless endangerment during flight under § 3C1.2 for clear error." United States v. Luqman, 130 F.3d 113, 115 (5th Cir. 1997). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." United States v. Duncan, 191 F.3d 569, 575 (5th Cir. 1999)(citation omitted). The district court found that Villanueva's conduct endangered the community because anyone, including a child, could have picked up the methamphetamine and ingested it. The applicability of U.S.S.G. § 3C1.2 is not limited "to situations resulting in actual harm or manifesting extremely dangerous conduct by a defendant." United States v. Jimenez, __ F.3d __, No. 02-40490, 2003 WL 566454 at *2 (5th Cir. Feb. 28, 2003). Villanueva has not shown that the district court's imposition of the U.S.S.G. § 3C1.2 enhancement was clearly erroneous.

Villanueva also contends that the imposition of the U.S.S.G. § 3C1.2 enhancement was based upon insufficient evidence. Even though Villanueva objected to the imposition of the enhancement in the district court, he did not object to the sufficiency of the evidence supporting it. Accordingly, we review this argument for plain error only. See United States v. Cabral-Castillo, 35 F.3d 182, 188-89 (5th Cir. 1994)(if a defendant objects to a sentencing

2

adjustment in the district court, but on grounds different from those raised on appeal, the new arguments raised on appeal are reviewed for plain error only).  As the record shows sufficient evidence of the quantity of methamphetamine thrown by Villanueva, and the dangerousness of methamphetamine is well established, see United States v. Stricklin, 290 F.3d 748, 749 n.1 (5th Cir. 2002), the district court's imposition of the U.S.S.G. § 3C1.2 enhancement was based on sufficient evidence and is not plain error. Accordingly, Villanueva's sentence is

AFFIRMED.