United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40042
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS BALDERAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CV-170
USDC No. 2:03-CR-289-2
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Luis Balderas, federal prisoner # 24696-179, appeals following the denial of his 28 U.S.C. § 2255 motion, wherein he challenged his conviction for conspiracy to commit wire fraud and mail fraud and conspiracy to launder money. The district court granted Balderas a limited certificate of appealability (COA) on the issue whether the Government breached his plea agreement and, if so, whether Balderas's waiver of appeal is valid. We review conclusions of law underlying the denial of a § 2255 motion     de

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

novo and factual findings for clear error. United States v. Stricklin, 290 F.3d 748, 750 (5th Cir. 2002).

With the benefit of liberal construction, Balderas argues that the Government breached the plea agreement because it advocated sentencing enhancements that were not included in the agreement and that defense counsel was ineffective for failing to raise this issue at sentencing or on appeal. We conclude that the Government provided the district court with factual information at sentencing and did not affirmatively advocate for the sentencing enhancements. See United States v. Munoz, 408 F.3d 222, 227 (5th Cir. 2005). Balderas also argues that the Government breached the plea agreement by failing to move for a promised downward departure. The Government did not bargain away its discretion to move for a departure; consequently, there is no breach. See United States v. Aderholt, 87 F.3d 740, 742 (5th Cir. 1996).

Because we conclude that the plea agreement was not breached, we do not address claims which the district court held were barred by the appeal waiver, including the claim that the district court violated Balderas's Sixth Amendment rights and United States v. Booker, 543 U.S. 220 (2005). See United States v. Burns, 433 F.3d 442, 450-51 (5th Cir. 2005).

Balderas further argues that (1) his counsel was ineffective for failing to file a direct appeal when expressly told to do so; (2) the district court's order of restitution exceeded the scope of the indictment and the plea agreement, and counsel was ineffective

for failing to object to the restitution order; and (3) the appeal waiver is invalid because of an ambiguity in the plea agreement concerning restitution.  We do not consider these issues raised for the first time on appeal.  See United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998).

The district court's judgment is AFFIRMED.