**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 22, 2011

Lyle W. Cayce
Clerk

No. 09-50572
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES WALTER LEE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 7:08-CV-76 & 7:07-CR-175-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James Walter Lee, federal prisoner # 79365-180, appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his sentence for possession with intent to distribute more than five grams of crack cocaine. Lee argued in his § 2255 motion that, inter alia, his trial counsel was ineffective for failing to object to the presentence report's (PSR's) determination that he was a career offender under U.S.S.G. § 4B1.1 because his prior "delivery of a controlled substance" convictions did not qualify as controlled substance offenses

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as defined in § 4B1.2(b) that merited the § 4B1.1 enhancement.  In denying the motion, the district court determined that Lee previously had been convicted in Texas of "possession of a controlled substance with intent to deliver" and that those convictions qualified as controlled substance offenses.  This court granted Lee a COA on the issue whether his counsel was ineffective for failing to object to the § 4B1.1 enhancement.

This court reviews the district court's factual findings underlying the denial of a § 2255 motion for clear error and its conclusions of law de novo. *United States v. Stricklin*, 290 F.3d 748, 750 (5th Cir. 2002).  The district court has not committed clear error if its finding is "plausible in light of the record as a whole." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The appellate record does not support the district court's determination that Lee was convicted in the past of possession of a controlled substance with intent to distribute.  Accordingly, the district court's factual finding is not plausible in light of the record as a whole, and thus the district court committed clear error in making this finding.  *See Cisneros-Gutierrez*, 517 F.3d at 764; *Stricklin*, 290 F.3d at 750. As a result, the district court also erred in determining that because the law was settled that a conviction of possession of a controlled substance with intent to distribute constituted a controlled substance offense, any objection by counsel concerning the issue would have been futile, and thus Lee's counsel was not ineffective for failing to object.  *See Cisneros-Gutierrez*, 517 F.3d at 764; *Stricklin*, 290 F.3d at 750.

As to Lee's prior convictions of possession of a controlled substance, the definition of "controlled substance offense" does not include mere possession of a controlled substance, and thus these convictions cannot support a career offender enhancement.  *See* §§ 4B1.1(a), 4B1.2(b).  Additionally, Lee's prior convictions for delivery of a controlled substance under Texas Health and Safety Code Annotated § 481.112 did not constitute controlled substance offenses as defined in § 4B1.2(b) because the term "delivery" in § 481.112 included mere

offers to sell, which were not included in the § 4B1.2(b) definition. *See United States v. Price,* 516 F.3d 285, 287-90 (5th Cir. 2008); *United States v. Gonzales*, 484 F.3d 712, 714-16 (5th Cir. 2007).  Although the district court may use a categorical approach to determine whether the charging documents and jury instructions show that the prior convictions meet the definition of a controlled substance offense, the record contains no indication that the district court used such documents at the time of sentencing.

As to counsel's ineffectiveness for failing to object concerning this issue, the record indicates that no written objections were filed on this point and that the district court adopted the PSR without change in imposing Lee's sentence. The Government argues that the sentencing transcript is not included in the appellate record, and thus it is not clear from the record whether counsel orally objected at sentencing.  However, the minutes from the sentencing contain a box for "objections to pre-sentence report heard" that is not checked, although other boxes are checked.  Thus, we conclude that the record presented contradicts an argument that counsel orally objected at sentencing.  The appellant generally bears the burden of creating the record on appeal, *United States v. Coveney*, 995 F.2d 578, 587 (5th Cir. 1993); *see* FED. R. APP. P. 11(a), 10(b), and we conclude that Lee has provided a sufficient record, under the circumstances of this case, to support a remand of the case to the district court for further proceedings in accordance with this opinion.  *See Coveney*, 995 F.2d at 587.

JUDGMENT VACATED.  REMANDED.