**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2011

Lyle W. Cayce
Clerk

No. 10-50740
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

REGINALD KENNEDY, also known as Reginald Donnell Kennedy,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CV-103

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Reginald Kennedy, federal prisoner # 83824-180, proceeding *pro se* for this appeal, pleaded guilty in 2007 to conspiracy to possess, with intent to distribute, cocaine and crack cocaine and possession, with intent to distribute, crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. He was sentenced, *inter alia*, as a career offender to 188-months' imprisonment, and his conviction and sentence were affirmed by our court on direct appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50740

Kennedy's 2010 28 U.S.C. § 2255 motion asserted trial and appellate counsel rendered ineffective assistance. The district court denied the motion and a certificate of appealability (COA). Our court granted a COA on whether trial counsel rendered ineffective assistance by failing to object at sentencing in two instances: to criminal-history points imposed for three state misdemeanor offenses; and to the criminal-history calculation for Kennedy's two state felony convictions, which resulted in application of the career-offender enhancement.

Factual findings are reviewed for clear error; conclusions of law, *de novo*. *E.g.*, *United States v. Stricklin*, 290 F.3d 748, 750 (5th Cir. 2002). There is no clear error if the district court's findings are "plausible in light of the record as a whole". *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

To prevail on a claim of ineffective assistance of counsel, Kennedy must show his counsel's performance fell below an objective standard of reasonableness and as such prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984).

Kennedy contends counsel was ineffective for failing to object to use of two prior felony convictions–for aggravated robbery and aggravated assault–to classify him as a career offender because the sentences resulted from offenses contained in the same charging instrument and should have been treated as a single conviction. As noted, Kennedy was sentenced under the career-offender provision; it requires application of criminal-history category VI. U. S. S. G. § 4B1.1(b). To qualify as a career offender, however, Kennedy had to have two prior convictions for which the sentences were counted separately under Sentencing Guideline § 4A1.1, the provision for determining criminal-history scores. U.S.S.G. § 4B1.2(c) and comment, n.2. Thus, Kennedy essentially contends that, if the sentences for the two convictions had *not* been counted separately under §4A1.1, he would not have qualified as a career offender under § 4B1.1.

Under the Guidelines, prior sentences "are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.,* defendant is arrested for first offense prior to committing the second offense)". U.S.S.G. § 4A1.2(a)(2). If there was no intervening arrest, the sentences are counted separately unless they (1) resulted from offenses contained in the same charging instrument, or (2) were imposed on the same day. *Id.*

There was no intervening arrest between the aggravated assault and aggravated robbery. Both felony offenses were originally charged in the same indictment, but the aggravated-robbery charge was dismissed and subsequently raised in a separate indictment. Furthermore, Kennedy was sentenced for the offenses on different days and under different cause numbers. Kennedy contends that, because the offenses were originally brought in the same indictment, they should have counted as one sentence for criminal-history purposes, but he fails to provide any legal authority either supporting his assertion or even addressing the district court's implicit determination that the offenses being originally charged in one indictment did not alter the result under the guideline provision governing whether prior sentences are counted separately or as a single sentence. Accordingly, Kennedy cannot demonstrate counsel's failure to object to the criminal-history calculation on prior felony offenses constituted deficient performance. *E.g.*, *McCoy v. Lynaugh*, 874 F.2d 954, 963 (5th Cir. 1989) (holding that counsel was not deficient for failing to make an objection that lacked merit).

As for Kennedy's claim that counsel was ineffective for failing to object to calculation of criminal-history points assessed for three state misdemeanors, Kennedy cannot demonstrate he was prejudiced by counsel's performance. *See Strickland*, 466 U.S. at 689-94. Even if counsel's failure to object in that instance constituted deficient performance, it would have *no* effect on Kennedy's criminal-history category, given the district court's correct determination that

Kennedy was a career offender. *See* U.S.S.G. § 4B1.1(b)(B) (indicating all career offenders will have a criminal history category of VI).

AFFIRMED.