# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 23, 2012

Lyle W. Cayce
Clerk

No. 11-10176
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEPHEN MICHAEL EWING, also known as Stephen Michaels,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-457

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Stephen Michael Ewing, federal prisoner # 22018-077, appeals the district court's denial of his 28 U.S.C. § 2255 motion, which challenged his convictions for conspiracy to defraud the Internal Revenue Service, multiple counts of tax evasion, multiple counts of mail fraud, multiple counts of making a false statement to a government agency, and multiple counts of making false statements in relation to health care matters. In his § 2255 motion, Ewing argued that attorney Scott Brown, who allegedly participated in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

representation of Ewing prior to his indictment, subsequently represented one of Ewing's co-defendants. Ewing argued that, as a result of his representation of Ewing, Brown had obtained confidential information that he later used to orchestrate the co-defendant's testimony against Ewing and to obtain a more favorable plea agreement for this co-defendant. This court granted a certificate of appealability to address whether the district court erred in failing to find that Brown had represented Ewing and whether any dual representation was a conflict of interest that adversely affected the representation.

We review the district court's factual findings underlying the denial of a § 2255 motion for clear error and its conclusions of law de novo. *United States v. Stricklin,* 290 F.3d 748, 750 (5th Cir. 2002).

To prevail on an ineffective-assistance-of-counsel claim based on an alleged conflict of interest, the movant "must show that his trial attorney was acting under the influence of an actual conflict of interest that adversely affected his performance at trial." *United States v. Infante*, 404 F.3d 376, 390-91 (5th Cir. 2005) (citing *Cuyler v. Sullivan*, 446 U.S. 335 (1980)). If the movant demonstrates an actual conflict that adversely affected counsel's performance, then prejudice is presumed. *Id.* at 391.

Assuming that Brown did represent both Ewing and his co-defendant, Ewing still must show that this had some adverse effect. However, Ewing has not alleged what confidential information Brown learned during his representation, what confidential information Brown passed on or used to benefit the co-defendant, what confidential information was presented by the co-defendant in his testimony at Ewing's trial, or how the use of confidential information resulted in Ewing's conviction. We have long held that "speculative and conclusory allegations . . . are insufficient to raise a constitutional issue." *United States v. Hall,* 455 F.3d 508, 522 (5th Cir. 2006) (internal quotation marks and citation omitted).

MOTION TO FILE REPLY BRIEF GRANTED; AFFIRMED.