# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 6, 2013

Lyle W. Cayce
Clerk

No. 11-40603
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD LEON GOMEZ, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:09-CR-34-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Richard Leon Gomez, Jr., appeals from the sentence imposed following his jury trial conviction for being a felon in possession of ammunition, conspiring to possess with the intent to distribute more than five grams of cocaine base, and possessing with the intent to distribute less than five grams of cocaine base. Based upon the determination that he was a career offender pursuant to U.S.S.G. § 4B1.1, the district court sentenced him to a total term of 262 months of imprisonment, to be followed by a total term of five years of supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release. On appeal, he argues that the district court committed reversible plain error by sentencing him as a career offender.

As Gomez did not challenge his characterization as a career offender in the district court, we review this challenge to the decision on appeal for plain error only. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail on plain-error review, Gomez is required to show that an error occurred, that the error was plain, which means clear or obvious, and that the error affected his substantial rights. *Id.* If he establishes those factors, the decision to correct the forfeited error is within our sound discretion, which we will not exercise unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Henderson v. United States*, 133 S. Ct. 1121, 1126-27 (2013).

At issue here is whether Gomez "has at least two prior felony convictions of either a crime of violence or a controlled substance offense," as required under § 4B1.1(a). The presentence report, which was adopted by the district court, indicated that the career offender provision in § 4B1.1 was applied based on Gomez's prior convictions of burglary of a habitation, unlawful possession of a prohibited weapon, and unlawful delivery of a controlled substance in a drug free zone. Gomez's conviction of possessing a prohibited weapon – specifically, a sawed off shotgun – clearly supported application of the enhancement. *See United States v. Serna*, 309 F.3d 859, 862-64 & n.6 (5th Cir. 2002). However, as conceded by the Government, Gomez's convictions of unlawfully delivering a controlled substance in a drug free zone and burglary of a habitation[1] did not support application of the career offender enhancement. *See United States v.*

---

[1] A burglary conviction under Texas Penal Code § 30.02(a)(1) qualifies as a crime of violence but a conviction under § 30.02(a)(3) does not qualify. See *United States v. Silva*, 957 F.2d 159, 162 (5th Cir. 1992); *United States v. Constante*, 544 F.3d 584, 585 (5th Cir. 2008). Gomez's burglary indictment, in effect, conjunctively charged violations of § 30.02(a)(1) and (a)(3). We cannot determine under which subsection he was convicted. We must consider, therefore, that Gomez was convicted under § 30.02(a)(3) which does not require proof of intent and does not qualify as a generic burglary that may be used as a predicate offense for the career offender enhancement. *See Constante,* 544 F.3d at 587.

*Lee*, 419 F. App'x 480, 481 (5th Cir. 2011); *United States v. Constante*, 544 F.3d 584, 586-88 (5th Cir. 2008); *see also United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011) (noting that we treat cases dealing with crimes of violence for purposes of § 4B1.2(a) and 18 U.S.C. § 924(e) interchangeably).

The district court committed clear and obvious error by sentencing Gomez as a career offender. *See United States v. Beltran-Ramirez*, 266 F. App'x 371, 372 (5th Cir. 2008); *United States v. Dentler*, 492 F.3d 306, 314 (5th Cir. 2007). Without the career offender enhancement, Gomez's total offense level would have been 32 and his criminal history category would have been IV, thereby yielding an advisory sentencing guidelines range of 168 to 210 months of imprisonment. We therefore hold that the error affected Gomez's substantial rights based on a reasonable probability that the district court would have imposed a lesser sentence. *See United States v. Mudekunye,* 646 F.3d 281, 289-91 (5th Cir. 2011). Although we are mindful that the fourth-prong of the plain-error test is not automatic, *see United States v. Culbertson*, 712 F.3d 235, 244 (5th Cir. 2013), we further hold that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.

For the foregoing reasons, we AFFIRM Gomez's conviction, VACATE his sentence, and REMAND to the district court for resentencing.