# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40735
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO VASQUEZ-DESIGA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-526-2

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Fernando Vasquez-Desiga (Vasquez) appeals the 77-month term of imprisonment imposed on his guilty plea conviction for possession with intent to distribute more than 100 kilograms of marijuana and aiding and abetting. *See* 21 U.S.C. § 841 (a)(1), (b)(1)(B); 18 U.S.C. § 2. He contends that the district court erred in increasing his total offense level for reckless endangerment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

during flight on the basis that he tossed bundles of marijuana from a moving vehicle toward oncoming traffic. *See* U.S.S.G. § 3C1.2.

We pretermit determination of the standard of review in connection with Vasquez's claim that the district court made a mistaken finding in connection with the § 3C1.2 enhancement because he cannot prevail under either standard. *See United States v. Teuschler*, 689 F.3d 397, 400 (5th Cir. 2012); *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). In making its findings, the district court was free to rely on the information in the presentence report (PSR) that Vasquez tossed the marijuana bundles at oncoming traffic. *See United States v. Shipley*, 963 F.2d 56, 59 (5th Cir. 1992). It was Vasquez's burden to show that the PSR was inaccurate. *See United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995). Vasquez, however, presented no evidence about the tossed bundles.

In addition, we reject Vasquez's contention that the sentence was substantively unreasonable. The district court imposed a sentence below the PSR's recommended guidelines range. As the district court made clear, it selected the sentence in light of the factors set forth in 18 U.S.C. § 3553(a). Vasquez has provided us with no basis for questioning the district court's exercise of discretion in evaluating the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Vasquez concedes that his contention that a presumption of reasonableness should not apply to sentences calculated under U.S.S.G. §2K2.1(a)(4) is foreclosed, and he raises the issue solely to preserve it for further review.

AFFIRMED.