# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2023

Lyle W. Cayce
Clerk

No. 21-50676

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

STEVEN MELENDEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-67-3

Before HIGGINBOTHAM, SOUTHWICK, and HIGGINSON, *Circuit Judges*.

PATRICK E. HIGGINBOTHAM, *Circuit Judge*:

Steven Melendez pled guilty to conspiracy to possess with intent to distribute and to conspiracy to distribute over 500 grams of methamphetamine. He appeals, challenging his sentencing enhancement as lacking adequate record support. The argument fails, as the record plausibly supports the enhancement. We AFFIRM.

No. 21-50676

## I.

Steven Melendez and several co-defendants were charged with conspiracy to possess with intent to distribute and conspiracy to distribute no less than 500 grams of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846.[1] Melendez pled guilty without a plea agreement.

The Pre-Sentence Report assessed a base offense level of 34 under applicable sentencing guidelines as well as the Drug Quantity Table and assessed a two-level enhancement for recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. Although the PSR did not detail the factual support for this enhancement, all agree that it stems from a separate one-sentence paragraph from another section of the PSR, which reads: "[d]uring the investigation, Melendez was in a vehicle that evaded from [*sic*] DPS troopers and the interceptions reveal that he lost several ounces because he threw it out during the car chase." This sentence is from the Factual Basis,[2] which includes a near-verbatim description of the pursuit and intelligence learned via wiretap. The PSR concluded that Melendez's total offense level was 33 after applying a three-level reduction for acceptance of responsibility. Given Melendez's criminal record merited a category VI criminal history, the PSR assessed a guidelines range of 235 to 293 months of imprisonment. Melendez did not object to the PSR prior to his sentencing or at the sentencing hearing.

---

[1] The substantive offenses at issue are 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).

[2] A Factual Basis is a document that summarizes what the government would prove beyond a reasonable doubt if a defendant's case were to proceed to trial absent a plea. Melendez stipulated to the facts in the Factual Basis.

No. 21-50676

At sentencing, while the sentencing judge did not expressly orally adopt the PSR, the judge recited the same 235- to 293-month sentencing range after repeating that the total offense level was 33, reviewing Melendez's criminal history, and noting the purity of the methamphetamine seized, all of which mimicked the PSR's assessments. The district court then sentenced Melendez to 290 months of imprisonment, five years of supervised release, and a $1,000 fine. Melendez did not object.

Melendez filed a timely notice of appeal of his sentence. He argues that the district court erred in imposing without a sufficient factual basis a two-level sentencing enhancement under U.S.S.G. § 3C1.2 for recklessly creating a substantial risk of death or serious bodily injury to another person while fleeing from a law enforcement officer.

## II.

"This Court reviews the district court's 'interpretation or application of the Sentencing Guidelines *de novo* and its factual findings for clear error.'"[3] "The standard of appellate review of a reckless endangerment finding is clear error, and the district court's finding will be upheld if the finding is plausible in light of the record as a whole."[4] And, "[w]here, as here, the defendant fails to object to his sentence during sentencing, we review the District Court's sentencing decision for plain error."[5]

---

[3] *United States v. Sincleair*, 16 F.4th 471, 474 (5th Cir. 2021) (quoting *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007)); *see also United States v. Blanco*, 27 F.4th 375, 382 (5th Cir. 2022) (adopting the same standard of review).

[4] *United States v. Kelley*, 40 F.4th 276, 285 (5th Cir. 2022) (citing *United States v. Gould*, 529 F.3d 274, 276 (5th Cir. 2008)).

[5] *United States v. Ronquillo*, 508 F.3d 744, 748 (5th Cir. 2007); *see also United States v. Vargas*, 21 F.4th 332, 334 (5th Cir. 2021) (applying the plain error standard where the

To establish plain error, a litigant "must show that (1) the district court erred; (2) the error was clear and obvious; and (3) the error affected his substantial rights."[6] "Should he make such showings, we would have the discretion to correct the error if a failure to do so would seriously affect the fairness, integrity, or public reputation of the proceeding."[7]

## III.

Melendez argues that the two-level enhancement is inappropriate because its application, which rested on his having discarded drugs from a moving vehicle while engaged in a car chase, lacks an evidentiary basis to demonstrate recklessness. Melendez forwards several lines of argument. Only one is salient.

First, Melendez argues that the PSR is unclear as to the type of discarded drugs, and given his documented daily use of marijuana, he could have discarded marijuana during the chase rather than methamphetamine. This argument strains the natural reading of the PSR and Factual Basis, both referencing *only* methamphetamine in the context of the drug distribution scheme, and only referring to marijuana as it pertains to Melendez's personal usage or prior arrests. Moreover, that Melendez was arrested with methamphetamine in his car renders it plausible that the same drug was discarded amidst a car chase.

Second, Melendez argues that he threw out such a "small" amount of methamphetamine that it fails to rise to the level of risk required for the enhancement. This contention is meritless: "Methamphetamine is used in

---

defendant appealed his sentence having "failed to object" to the district court's calculation of its guidelines methodologies).

[6] *Vargas*, 21 F.4th at 334 (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

[7] *Id.* (citing *Puckett*, 556 U.S. at 135).

No. 21-50676

five to ten milligram doses,"[8] and even two ounces could produce thousands of lethal—or, at a minimum, deleterious—doses.[9] So, only discarding "several ounces" does not render his conduct, *per se*, riskless.

Third, Melendez argues that he cannot be held responsible for the actions of the vehicle's driver because there is no evidence that he was the driver. Conceding that the record is here ambiguous, the Government focuses on the discarding of drugs as the animating force behind the enhancement—the disposal of drugs amidst a police chase, in and of itself, creates a sufficient risk to support the enhancement. So, we too now home in on this query.[10] Assessing Melendez's argument requires return to the record facts to determine whether they provide a plausible basis for the imposition of the enhancement.

## A.

Much of the relevant guides are rote. "Generally, a PSR bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations."[11] A district court may adopt the facts in a PSR "without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information

---

[8] *United States v. Anguiano*, 27 F.4th 1070, 1074 (5th Cir. 2022) (quoting *United States v. Dickey*, 102 F.3d 157, 160 n.3 (5th Cir. 1996)).

[9] *See United States v. Stricklin*, 290 F.3d 748, 749 n.1 (5th Cir. 2002) (per curiam) (noting the dangerousness of methamphetamine).

[10] *See United States v. Lima-Rivero*, 971 F.3d 518, 520 (5th Cir. 2020) (foregoing consideration of whether the driver's conduct could or should be imputed to the criminal defendant because conduct the defendant unquestionably undertook—namely throwing drugs out of a car window—alone sustained the enhancement).

[11] *United States v. Lucio*, 985 F.3d 482, 485 (5th Cir.) (quoting *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012)), *cert. denied*, 142 S. Ct. 177 (2021).

in the PSR is unreliable."[12] Yet "mere inclusion in the PSR does not convert facts lacking an adequate evidentiary basis with sufficient indicia of reliability into facts a district court may rely upon at sentencing."[13] As Melendez neither objected to the PSR nor presented rebuttal evidence regarding the PSR's statements, including those describing the disposal of the drugs, the district court properly relied upon the PSR.[14] We turn, then, to whether the facts provide a plausible basis to uphold imposition of the enhancement.

## B.

Section 3C1.2 of the Sentencing Guidelines instructs district courts to impose a two-level enhancement "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer."[15] The Guidelines explain that one acts recklessly when he is "aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation."[16] And as the factor at issue is *risk* of harm rather than infliction of harm itself, "we have not limited the

---

[12] *Harris*, 702 F.3d at 230 (internal quotation marks and citation omitted).

[13] *Id.* at 230 n.2.

[14] *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009) ("Generally, a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing. The defendant bears the burden of demonstrating that the PSR is inaccurate; in the absence of rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it." (quotation marks omitted)); *United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002) ("[I]nformation in the pre-sentence report is presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate or unreliable." (quotation marks omitted)).

[15] U.S.S.G. § 3C1.2.

[16] *Id.* §§ 2A1.4, cmt. n.1; 3C1.2, cmt. n.2.

application of the [recklessness-in-pursuit] enhancement to situations resulting in actual harm or manifesting extremely dangerous conduct by a defendant."[17] We have indeed upheld the imposition of the enhancement where a defendant disposed of either drugs or a weapon amidst law enforcement pursuit without insistence upon the demonstration of discrete harms realized by such actions.[18]

A handful of cases bear resemblance to the case at bar. In *United States v. Villanueva*, the defendant "th[rew] a bag of methamphetamine onto a public sidewalk while fleeing from police," which this Court held in an unpublished opinion justified the reckless-in-pursuit enhancement as he "endangered the community because anyone, including a child, could have picked up the methamphetamine and ingested it, . . . and the dangerousness of methamphetamine is well established."[19] In *United States v. Vasquez-Desiga*, this Court affirmed in an unpublished opinion the application of the enhancement "on the basis that [the defendant] tossed bundles of marijuana from a moving vehicle toward oncoming traffic."[20] And most recently, this Court adopted the *Villanueva* Court's reasoning in *United States v. Lima-Rivero*, a published opinion, concluding that "throwing a large quantity of a

---

[17] *United States v. Jimenez*, 323 F.3d 320, 323 (5th Cir. 2003).

[18] *See*, *e.g.*, *Kelley*, 40 F.4th at 285 (upholding the same enhancement where a criminal defendant "discarded a pistol with 21 rounds in the magazine in a public area while running from the police" notwithstanding the fact that, "[l]uckily, Kelley did not harm anyone else" as a result of his actions).

[19] 69 F. App'x 657, 657 (5th Cir. 2003) (citing *United States v. Stricklin*, 290 F.3d 748, 749 n.1 (5th Cir. 2002)).

[20] 576 F. App'x 308, 308 (5th Cir. 2014).

No. 21-50676

dangerous drug into a residential neighborhood supports the reckless endangerment enhancement."[21]

In this case, the record, while scant, supports at least a plausible basis for this enhancement. Again, the Factual Basis and the PSR both make clear that Melendez "lost several ounces *because he threw it out during the car chase.*" Absent specific evidence that Melendez took steps to ensure that the discarded drugs could not be consumed and pose a danger to others, his spoliation during a police chase, alone, plausibly "create[d] a substantial risk of death or serious bodily injury to another person recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer."[22] And in the absence of an objection, that the district court did not take a more detailed inventory of the exact amount, location, or method of disposal does not preclude this Court from making such a finding, particularly given the dangerousness methamphetamine poses.[23]

* * * *

We AFFIRM.

---

[21] 971 F.3d at 520.

[22] U.S.S.G. § 3C1.2.

[23] *See Stricklin*, 290 F.3d at 749 n.1 (noting the Department of Justice's description of methamphetamine as "dangerous, sometimes lethal and unpredictable").