# United States Court of Appeals
# for the Fifth Circuit

No. 25-30008
consolidated with
No. 25-30009

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jawon Montray Grant,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC Nos. 5:24-CR-139-1,
5:20-CR-105-1

_____

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

In 2020, a grand jury charged Jawon Montray Grant with possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). After Grant pleaded guilty, the district court sentenced him to 42 months of imprisonment and three years of supervised release. In 2024, only two months after

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

25-30008
c/w No. 25-30009

commencing his term of supervised release, an officer found Grant in possession of a firearm again. 18 U.S.C. § 922(g)(1). For the new charge, the district court imposed a 24-month, above-guidelines sentence of imprisonment and revoked Grant's supervised release. Grant timely appealed the revocation judgment.[1] Fed. R. App. P. 4(b)(1)(A)(i).

On appeal, Grant challenges the district court's revocation judgment on two grounds. First, Grant argues that the court failed to apply Amendment 821 to lower his criminal history category. Second, Grant contends that the district court's above-guidelines sentence is unreasonable. Because the district court correctly used the criminal history category that was calculated at the time Grant was sentenced, and revocation was mandatory under 18 U.S.C. § 3583(g), we AFFIRM the district court's judgment.

## I.

## A.

On May 20, 2020, a grand jury charged Grant in a one-count indictment with being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). On April 13, 2021, after Grant entered a guilty plea, the district court sentenced him to 42 months in prison and three years of supervised release. Grant began his three-year term of supervised release on November 29, 2023.

On February 5, 2024, Grant committed a traffic violation, and an officer initiated a traffic stop. After smelling marijuana, the officer searched

---

[1] Grant also appealed the district court's judgment on the new firearm possession conviction. However, he has not raised any arguments on appeal related to that issue. *See* ECF 43; ECF 50. Thus, we deem the issue forfeited. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal.").

Grant's vehicle before finding narcotics and a firearm. Grant fled on foot, and the officer followed in pursuit. Grant was subsequently arrested and charged in a bill of information with possessing a firearm as a felon. 18 U.S.C. § 922(g)(1).

## B.

On June 27, 2024, Grant pleaded guilty to the new firearm charge. Grant's probation officer then prepared a Presentence Investigation Report, calculating his total offense level as 23. The probation officer further recommended a criminal history category of IV, which corresponded to a guidelines range of 70–87 months of imprisonment. These recommendations reflected a two-level enhancement under U.S.S.G. § 3C1.2 after Grant fled from law enforcement and "create[d] a substantial risk of death or serious bodily injury to another person."

The district court held a combined sentencing hearing for Grant's new firearm charge and the revocation of his supervised release. On December 16, 2024, the court sentenced Grant to 78 months of imprisonment and three years of supervised release for possessing a firearm. Regarding the revocation of supervised release, the court held that Grant was not entitled to a retroactive application of Amendment 821 because "the [sentencing] guidelines, . . . do not authorize reduction in the term of imprisonment imposed upon revocation of supervised release based on retroactive guideline amendments," such as Amendment 821. Instead, the district court recognized that "the criminal history category to be used in determining the applicable range of the revocation table is the category determined at the time the defendant originally was sentenced to the term of supervision." Therefore, because "[t]he criminal history category is not to be recalculated" for revocation proceedings, the district court determined that Grant's criminal history category remained IV.

The court then revoked Grant's initial term of supervised release, noting that he had "committed multiple Grade B and C violations." The district court sentenced Grant to 24 months of imprisonment, the statutory maximum, for his criminal conduct while on supervised release. To justify this above-guidelines sentence, the district court referenced Grant's "criminal history which includes multiple gun possession charges, [and] his lack of respect for the law which is demonstrated by the fact that he was only out on supervised release when he committed the exact same conduct for which he was on supervised release." Grant appealed.

## II.

## A.

As an appeal from a final judgment, this court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review a district court's "application of the Sentencing Guidelines de novo and its factual findings for clear error." *United States v. Melendez*, 57 F.4th 505, 507 (5th Cir. 2023) (internal quotation marks and citation omitted). Additionally, to preserve an issue on appeal, "'[a] party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review.'" *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994) (quoting *United States v. Bullard*, 13 F.3d 154, 156 (5th Cir. 1994)). Because Grant preserved his objection to the district court's decision not to apply Amendment 821, our review is de novo.

## B.

Prior to November 1, 2025, section 7B1.4 of the U.S. Sentencing Guidelines provided advisory sentence ranges that applied when a defendant

4

violated a condition of his supervised release.[2] According to the section's commentary, a court's decision to revoke a defendant's term of supervised release is partially informed by a defendant's "criminal history category." U.S.S.G. § 7B1.4 cmt. n.1 (2010). "[T]he category [is] determined at the time the defendant originally was sentenced to the term of supervision." *Id.* Further, the commentary provides that this category "is not to be recalculated because the ranges set forth in the Revocation Table have been designed to take into account that the defendant violated supervision." *Id.*

Prior to November 1, 2023, the U.S. Sentencing Guidelines explained that a defendant received two "status points" if they committed an offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (2021). However, after November 1, 2023, Amendment 821 provided that a defendant would receive only one status point for committing the instant offense while on supervised release. U.S.S.G. § 4A1.1(d) (2023).

To obtain a remedy under Amendment 821, a defendant must file a motion pursuant to 18 U.S.C. § 3582(c)(2). Section 3582 states the following:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a **sentencing range** that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, . . . if such a

---

[2] Grant's original revocation hearing occurred in 2024. At that time, the district court applied the 2010 version of section 7B1.4, which discussed the revocation of probation and the revocation of supervised release jointly. *See* U.S.S.G. § 7B1.4 (2010) (amended 2025). However, the United States Sentencing Commission revised section 7B1.4 in November 2025, to only address revocation of probation. *See* U.S.S.G. §§ 7B1.4, 7C1.4–7C1.5 (2025) (discussing revocation of supervised release separately). Accordingly, we apply the 2010 version of section 7B1.4 to our analysis.

reduction is consistent with **applicable policy statements** issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). The "applicable policy statement" is section 1B1.10, which permits a reduction under Amendment 821. U.S.S.G. § 1B1.10(a)(2)(A)–(B) (2023). However, "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under [section 1B1.10]. [Section 1B1.10] does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." *Id*. cmt. n.8(A).

## C.

Grant contends that the district court erred when it failed to apply Amendment 821 retroactively "at the time of Grant's revocation hearing." We disagree. First, section 1B1.10 "does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." *Id*. Second, section 7B1.4 explicitly does not allow criminal category recalculation "because the ranges set forth in the Revocation Table have been designed to take into account that the defendant violated supervision." U.S.S.G. § 7B1.4 cmt. n.1 (2010). Therefore, we hold that the district court did not err when it did not apply Amendment 821 retroactively to lower Grant's criminal history category.

## III.

## A.

If a defendant preserves an objection in the district court, then this court applies a "two-step 'plainly unreasonable inquiry.'" *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). "[W]e first ask whether the district court committed [a] significant procedural error, such as failing to consider the [applicable] factors." *Id*. (citation modified) (quoting *United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018)). Then we "assess the substantive

reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* (citation modified).

However, "[i]f the defendant does not make the district court aware that it may be impermissibly relying on [section] 3553(a)(2)(A), then the defendant's appeal will be governed by plain-error review." *Esteras v. United States*, 606 U.S. 185, 202 (2025). To prevail under this standard, the defendant must show "(1) error (2) that is plain and (3) that affects his substantial rights." *Cano*, 981 F.3d at 425 (citation modified). Even if the defendant succeeds in making that showing, the court of appeals may correct the error only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). Because Grant did not specifically object to the district court's consideration of an allegedly improper factor, "the need to promote respect for the law," we review for plain error. *See Esteras*, 606 U.S. at 201 (citation modified).

**B.**

Under 18 U.S.C. § 3583(e), a district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute." 18 U.S.C. § 3583(e)(3). The court may also impose "any sentence that falls within the statutory maximum term of imprisonment allowed for the revocation sentence." *United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014) (citing 18 U.S.C. § 3583(e)(3)). However, when modifying or revoking a term of supervised release, the district court may *not* consider the factors in section 3553(a)(2)(A): "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *see also United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011) (noting that "[needing] to

7

promote respect for the law" is an improper factor). Even still, a district court "*must* revoke the term of supervised release and require the defendant to serve a term of imprisonment if the defendant possesses a controlled substance in violation of his conditions of supervision." *United States v. Belmontes*, 807 F. App'x 292, 295 (5th Cir. 2020) (per curiam) (citation modified); *United States v. Garner*, 969 F.3d 550, 551–52 (5th Cir. 2020) (noting that a court *must* revoke a term of supervised release when a defendant is in possession of narcotics or a firearm); *see also* 18 U.S.C. § 3583(g) (same). "When imposing a sentence under [section] 3583(g), the district court is neither directed nor forbidden to consider any particular factors." *Belmontes*, 807 F. App'x at 295 (citation omitted) (quoting § 3583(g)).

## C.

Grant argues that the district court erroneously considered his "lack of respect of the law" when imposing a 24-month sentence following the revocation of his supervised release. Conversely, the United States contends that, while the district court did use the phrase, "lack of respect for the law," in context, the court was describing the risk of recidivism. The United States has the better argument. The district court explained that it provided an upward variation "based on the defendant's criminal history which includes multiple gun possession charges [and] his lack of respect for the law which is demonstrated by the fact that he was only out on supervised release when he committed the exact same conduct for which he was on supervised release." The court was not discussing "respect for the law" as noted in section 3553(a)(2)(A). Rather, the district court was remarking on the defendant's criminal history and potential dangerousness. As the United States correctly recognizes, "by engaging in new and identical criminal conduct so soon after commencing his term of supervised release, [Grant] had breached the court's trust."

8

Even assuming the district court *did* consider a factor under section 3553(a), it "is neither directed nor forbidden to consider any particular factors" when section 3583(g) applies. *Belmontes*, 807 F. App'x at 295–96 ("[B]ecause [section] 3583(g) applied, it would not have been improper for the district court to consider the seriousness of or just punishment for [the defendant's] offense."). Here, the district court did as it was required and revoked Grant's term of supervised release under section 3583(g) because he possessed narcotics and a firearm, "in violation of his conditions of supervision." *Id.* (citation modified). Therefore, we hold that the district court did not err when it imposed a sentence of 24 months of imprisonment.

## IV.

For the foregoing reasons, we AFFIRM the district court's judgment.