United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50316
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK VAN GOETZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-49-1
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

Mark Van Goetz was convicted following a bench trial on stipulated evidence of attempt to manufacture methamphetamine; possession with intent to distribute methamphetamine; carrying a firearm during drug trafficking; and being a felon in possession of a firearm. The district court determined Goetz was a career offender and sentenced him to 60 months of imprisonment for carrying a firearm during drug trafficking and to 120 months of imprisonment on the other counts.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Goetz argues that the district court erred in denying his pretrial motion to suppress the evidence. Viewing the evidence in the light most favorable to the Government, we review the district court's ruling following a suppression hearing under the clearly erroneous standard for findings of fact and de novo for questions of law. United States v. Inocencio, 40 F.3d 716, 721 (5th Cir. 1994). Goetz argues that the arresting officers, members of a Fugitive Task Force comprised of deputy United States marshals and state and local law enforcement officers, did not have authority under federal or state law to arrest him without a Texas arrest warrant based on a California parole-violation warrant.

Assuming without deciding that the task force members did not have authority under either the California warrant or under federal law to arrest Goetz, we conclude they had such authority under Texas law. Texas state peace officers and United States marshals and deputy marshals acting as private persons may arrest a person "without a warrant upon reasonable information that the accused stands charged in the courts of a State with a crime punishable by death or imprisonment for a term exceeding one year." TEX. CODE CRIM. PRO. art. 51.13, § 14 (West 2005) (Uniform Criminal Extradition Act); see United States v. Johnson, 815 F.2d 309, 313 (5th Cir. 1987) (addressing secret service agents' authority to arrest under art. 51.13, § 14, as private persons). The record shows that the task force members had such reasonable

information.  When they arrested Goetz, the task force members had information from Deputy Marshal Casson that Goetz was wanted on a California parole warrant for a felony offense and that California would seek extradition if Goetz was arrested.  Deputy Casson had personally confirmed this information through the National Crime Information Center (NCIC).  "[T]he cases uniformly recognize that NCIC printouts are reliable enough to form the basis for the reasonable belief which is needed to establish probable cause."  United States v. McDonald, 606 F.2d 552, 553-54 (5th Cir. 1979).  Deputy Casson also confirmed by talking with California authorities that a warrant for Goetz's arrest for a parole violation on a felony conviction existed and, based on the official's use of the term "years," believed that Goetz faced imprisonment exceeding one year.  Thus, the task force officers were authorized under Texas law to arrest Goetz without a warrant.

The Government construes Goetz's brief as arguing that the arrest was in violation of the second part of article 51.13, § 14, because the task force members did not take him before a Texas magistrate after his arrest, that the arrest violated the Fourth Amendment because the officers did not have a physical copy of the California warrant when they arrested Goetz, and that the arrest violated Texas law because California did not seek his extradition until after the fact.  If Goetz did raise these arguments, he did not brief them adequately, and we do not

address them.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (issues not briefed adequately are waived); see United States v. Flores, 63 F.3d 1342, 1374 n.36 (5th Cir. 1995) (applying this rule in direct criminal appeal); United States v. Valdiosera-Godinez, 932 F.2d 1093, 1099 (5th Cir. 1991) (direct criminal appeal, issues not raised or briefed are waived).

Goetz does not argue and, similarly, has waived any argument that the arrest violated the Fourth Amendment because the officers lacked probable cause to arrest him.  The district court did not err in denying the motion to suppress, and Goetz's conviction is AFFIRMED.

Goetz argues that he is not a career offender within the meaning of U.S.S.G. § 4B1.1 (2003) because one of the convictions, an assault-offense conviction for which he was sentenced in 1986, occurred more than 15 years prior to the instant offense and he was not incarcerated on this conviction within that 15-year period.  We review the district court's interpretation and application of the sentencing guidelines de novo and its factual findings for clear error.  United States v. Angeles-Mendoza, 407 F.3d 742, 746-47 (5th Cir. 2005).  As the party who sought the career offender enhancement, the Government had the burden of proving by a preponderance of the evidence that the enhancement was warranted.  United States v. Alfaro, 919 F.2d 962, 965 (5th Cir. 1990).

Both parties agree that for the purpose of § 4B1.1, a defendant must have two prior felony convictions for crimes of violence or controlled substance offenses which resulted in the defendant being incarcerated during the 15-year period before the commission of the instant offense. See U.S.S.G. §§ 4A1.2(e)(1), 4A1.1, comment. (n.1). After reviewing Government Exhibit 1, which listed Goetz's California convictions and sentences and the "dates delivered/returned to institution, paroled/reparoled," the district court found that the dates Goetz was delivered or returned to prison and paroled or re-paroled all related to the assault offense.

This finding is not supported by a preponderance of the evidence and is clearly erroneous. The same "dates delivered" section set forth under the paragraph describing the 1986 assault-offense conviction and sentence are referenced with a "same as above" with regard to convictions and sentences for a 1986 theft, a 1988 drug possession, and a 1989 vehicle theft. Except for the original revocation of the probation term imposed in 1983 which resulted in the three year sentence being imposed on the assault offense in 1986, Exhibit 1 does not mention any other parole revocation. Exhibit 1 does not show whether or to what extent, when Goetz committed a new crime while on parole, he was required to serve the remainder of the assault-offense sentence before serving the new sentence. Nothing in the record shows that any time was "served" on Goetz's 1986 assault

conviction after February 25, 1989, or that the 1986 sentence "resulted in the defendant's being incarcerated" during the 15-year period.  See U.S.S.G. § 4A1.2(e).

The Government does not assert that Goetz has any other qualifying convictions for the purpose of U.S.S.G. § 4B1.1(a). Accordingly, Goetz does not have the two prior felony convictions required by § 4B1.1(a) to support the determination that he is a career offender.  The district court misapplied this guideline, and Goetz's sentence as a career offender is VACATED and his case is REMANDED for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.