# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11155

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMES B. SMITH,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before WIENER, GRAVES, and OLDHAM, Circuit Judges.

WIENER, Circuit Judge:

Defendant-Appellant James B. Smith appeals his 71-month prison sentence for violation of 18 U.S.C. § 922(g)(1). Smith alleges that the district court erred by increasing his criminal history level based on his prior state court conviction for use of methamphetamine in violation of California Health and Safety Code § 11550(a). Smith contends that this conviction is similar to a conviction for "public intoxication" and should have been exempt under Sentencing Guideline § 4A1.2(c)(2). We disagree.

## I. FACTS AND PROCEEDINGS

Smith was charged with two counts of being a felon in possession of a firearm and pleaded guilty to one of those counts. In the presentence report's

No. 18-11155

("PSR") calculation of Smith's criminal history level, one point was added for a California misdemeanor conviction for Use/Under the Influence of a Controlled Substance in violation of § 11550(a). Smith had been convicted on that charge in 2011 for using methamphetamine. He timely objected to inclusion of that conviction in his criminal history calculation. At sentencing, the district court overruled that objection. Smith now appeals the district court's inclusion of the 2011 California misdemeanor conviction in determining his sentence for the instant conviction.

## II. DISCUSSION

Smith challenges the district court's application of the U.S. Sentencing Guidelines. We review the district court's interpretation and application of the Guidelines *de novo* and its factual findings for clear error.[1] Guideline § 4A1.1(c) states that one point should be added to a defendant's criminal history level "for each prior sentence not counted in [subsections] (a) or (b), up to a total of 4 points for this subsection."[2] These additions are limited by the instructions in § 4A1.2(c):

> Sentences for misdemeanor and petty offenses are counted, except as follows: . . . . Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:
>
> Fish and game violations
> Hitchhiking
> Juvenile status offenses and truancy
> Local ordinance violations (except those violations that are also violations under state criminal law)
> Loitering
> Minor traffic infractions (e.g., speeding)
> *Public intoxication*

---

[1] *United States v. Perez*, 585 F.3d 880, 883 (5th Cir. 2009).
[2] U.S. Sentencing Guidelines Manual § 4A1.1(c) (U.S. Sentencing Comm'n 2018).

No. 18-11155

Vagrancy.[3]

Smith argues that his California misdemeanor conviction for Use/Under the Influence of a Controlled Substance, in violation of § 11550(a), is similar to "public intoxication," and should therefore be excluded from the calculation of his criminal history level. This is an issue of first impression for the Fifth Circuit, but, other circuits have considered this or similar issues.[4]

The Sentencing Guidelines application note on § 4A1.2 instructs that:

> In determining whether an unlisted offense is similar to an offense listed . . . , the court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.[5]

For factors (i) and (ii), the Fifth Circuit compares the unlisted offense, here California Health and Safety Code § 11550(a),[6] to the "equivalent [of the listed] offense under the relevant State's law."[7] California's version of public

---

[3] *Id.* § 4A1.2(c) (emphasis added).

[4] *See United States v. Martinez*, 956 U.S. 891 (9th Cir. 1992) (per curium); *United States v. Roy*, 126 F.3d 953 (7th Cir. 1997); *United States v. Locklear*, 26 F. App'x 371 (4th Cir. 2002) (per curium).

[5] U.S. Sentencing Guidelines Manual § 4A1.2(c) cmt. n.12(A).

[6] "A person shall not use, or be under the influence of any [of a number of referenced] controlled substance[s] . . . , or (2) a narcotic drug classified in Schedule III, IV, or V, except when administered by or under the direction of a person licensed by the state to dispense, prescribe, or administer controlled substances. . . . A person convicted of violating this subdivision is guilty of a misdemeanor and shall be sentenced to serve a term of not more than one year in a county jail. The court may also place a person convicted under this subdivision on probation for a period not to exceed five years." Cal. Health and Safety Code § 11550(a).

[7] *United States v. Lamm*, 392 F.3d 130, 132 (5th Cir. 2004).

No. 18-11155

intoxication is California Penal Code § 647(f).[8]

At the time of Smith's conviction in California, violation of § 11550(a) carried a mandatory minimum sentence of 90 days in jail.[9] The current law has a maximum jail sentence of one year, but has no mandatory minimum.[10] In contrast, § 647(f) states that a person "[w]ho is found in any public place under the influence of intoxicating liquor . . . [is] to be placed . . . in civil protective custody [by] a peace officer, if he or she is reasonably able to do so."[11] However, "[t]his subdivision does not apply to . . . [a] person who is under the influence of any drug, or under the combined influence of intoxicating liquor and any drug."[12] A person who is under the influence of a drug is subject to the general punishment for committing a California misdemeanor, which is up to 6 months in jail and a $1000 fine.[13]

---

[8] "[E]very person who commits . . . the following act[] is guilty of disorderly conduct, a misdemeanor:

. . . .

(f) Who is found in any public place under the influence of intoxicating liquor, any drug, controlled substance, toluene, or any combination of any intoxicating liquor, drug, controlled substance, or toluene, in a condition that he or she is unable to exercise care for his or her own safety or the safety of others, or by reason of his or her being under the influence of intoxicating liquor, any drug, controlled substance, toluene, or any combination of any intoxicating liquor, drug, or toluene, interferes with or obstructs or prevents the free use of any street, sidewalk, or other public way.

(g) If a person has violated subdivision (f), a peace officer, if he or she is reasonably able to do so, shall place the person, or cause him or her to be placed, in civil protective custody. The person shall be taken to a facility . . . for the 72-hour treatment and evaluation of inebriates. . . . A person who has been placed in civil protective custody shall not thereafter be subject to any criminal prosecution or juvenile court proceeding based on the facts giving rise to this placement. This subdivision does not apply to the following persons:

(1) A person who is under the influence of any drug, or under the combined influence of intoxicating liquor and any drug." Cal. Penal Code § 647(f)–(g).

[9] Cal. Health and Safety Code § 11550(a) (2002).

[10] Cal. Health and Safety Code § 11550(a) (2015).

[11] Cal. Penal Code § 647(f)–(g).

[12] *Id.* § 647(g).

[13] *Id.* § 19.

No. 18-11155

The punishments for these two offenses are different. California has codified the classic "public intoxication" offense in a separate statute and punishes use of illegal drugs more severely under both laws than it punishes public intoxication by alcohol. Thus, in California the perceived seriousness of any use of illegal drugs is greater than abuse of alcohol. Additionally, at the time of Smith's conviction, use of methamphetamine carried a mandatory-minimum jail sentence.

We next consider the elements of the California offenses. California Health and Safety Code § 11550(a): (1) "use, or . . . under the influence of [(2)] any [of a number of referenced] controlled substance[s]."[14] Smith suggests comparison of the elements of "public intoxication" under the Model Penal Code and the Texas Penal Code. The Model Penal Code defines "Public Drunkenness; Drug Intoxication" as: (1) "appear[ance] in any public place [(2)] manifestly under the influence of [(3)] alcohol, narcotics or other drug, . . . [(4)] to the degree [of danger or annoyance]."[15] The Texas Penal Code defines Public Intoxication as: (1) "appear[ance] in a public place [(2)] while intoxicated [(3)] to the degree that the person may [cause danger]."[16]

The Texas and Model "public intoxication" laws differ from § 11550(a) because they have additional elements requiring that the defendant (1) be in public and (2) cause some damage or disturbance. Unlike § 11550, the elements of § 647(f) are closely aligned with those of the public intoxication laws in the Model Penal Code and Texas Penal Code: (1) being "found in any public place [(2)] under the influence of [(3)] intoxicating liquor, any drug, [or] controlled

---

[14] Cal. Health and Safety Code § 11550(a).
[15] Model Penal Code § 250.5.
[16] Tex. Penal Code § 49.02(a).

5

substance . . . [(4)] in a condition [that causes danger or obstructs a public way]."[17]

We next address the level of culpability involved in the offense. Other circuits that have considered this factor have reasoned that the level of culpability for violating § 11550(a) is greater than that of public intoxication because § 11550(a) always requires use, and thus acquisition, of an *illegal* substance. By contrast, classic "public intoxication" usually involves abuse of alcohol, which is a *legal* substance.[18] "Being under the influence of a controlled substance is almost universally regarded as culpable, is widely criminalized, and offers a substantial basis for predicting future significant criminal activity. By contrast, public intoxication is rarely criminalized and may involve the use of alcohol, a non-controlled substance."[19]

We turn finally to the "degree to which the commission of the offense indicates a likelihood of recurring criminal conduct."[20]

> It is apparent the offenses listed in U.S.S.G. § 4A1.2(c)(2) are excluded from the defendant's criminal history because they are of such minor significance to the goals of sentencing . . . that inclusion would more likely distort than improve the process established by the guidelines for determining an appropriate sentence. The listed offenses offer no basis for predicting future significant criminal activity by the defendant; the conduct they involve is not uniformly criminalized, and when it is, the penalty is usually light.[21]

Smith argues that both Use/Under the Influence of a Controlled

---

[17] Cal. Penal Code § 647(f).

[18] *See Martinez*, 956 U.S. at 893; *Roy*, 126 F.3d at 955 ("An individual's decision to use an illicit drug is more culpable and involves more criminal intent than an individual's overindulgence in what is typically meant by intoxication, namely, alcohol—a non-controlled substance."); *Locklear*, 26 F. App'x at 372.

[19] *Martinez*, 956 U.S. at 893.

[20] U.S. Sentencing Guidelines Manual § 4A1.2(c) cmt. n.12(A).

[21] *United States v. Martinez*, 905 F.2d 251, 253 (9th Cir. 1990).

No. 18-11155

Substance and "public intoxication" are predictors of recidivism because they involve the use of addictive substances. Both statutes provide treatment programs, thereby acknowledging that addiction is a correlated problem for defendants who use either alcohol or illegal drugs.[22] However, only § 11550 expressly provides for repeat offenders.[23] Additionally, the procuring of methamphetamine is itself significant criminal conduct and likely to recur in drug addicted individuals as is other statistically correlated criminal conduct.[24] That is not necessarily true of alcohol.

### III. CONCLUSION

Because (1) all of the common-sense factors show differences between (a) Use/Under the Influence of a Controlled Substance and (b) "public intoxication" laws; (2) other circuits have rejected Smith's arguments regarding the instant statute; and (3) California has an offense that is more similar to "public intoxication," we AFFIRM the district court's holding that Smith's conviction for violation of California Health and Safety Code § 11550(a) was appropriately used to increase his criminal history level.

---

[22] Cal. Penal Code § 647(g); Cal. Health and Safety Code § 11550(c).

[23] Cal. Health and Safety Code § 11550(b).

[24] *See* Michael C. Gizzi and Patrick Gerkin, *Methamphetamine Use and Criminal Behavior*, 54 Int'l J. Offender Therapy & Comp. Criminology 915 (2010) ("A content analysis of criminal records demonstrates that meth users have more extensive criminal records and are more likely than other drug users to commit property crimes."); Mary-Lynn Brecht and Diane Herbeck, *Methamphetamine Use and Violent Behavior: User Perceptions and Predictors*, 43 Drug Issues 468 (2013); *but see* Presley Center for Crime and Justice Studies and Department of Sociology, *Alcohol and violence: connections, evidence and possibilities for prevention*, Supp. 2 Psychoactive Drugs 157 (2004) ("[There is] substantial empirical evidence that alcohol policy can be an effective crime prevention tool.").

No. 18-11155

JAMES E. GRAVES, JR., Circuit Judge, dissenting:

I disagree with the majority's conclusion that James Smith's California conviction was not similar to a conviction for "public intoxication." Because I would vacate and remand, I respectfully dissent.

Pursuant to a traffic stop in Lubbock, Texas, Smith pleaded guilty to one count of convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Smith's presentence report (PSR) set out a criminal history of ten, placing Smith in criminal history category V. Those ten points included the addition of one point for a 2011 misdemeanor conviction in California under U.S.S.G. § 4A1.1(c).

Smith objected to the calculation on the basis that the California conviction was similar to "public intoxication" and, thus, did not count toward his history. U.S.S.G. §4A1.2(c)(2). The district court overruled Smith's objection for the reasons set forth in the PSR. The district court sentenced Smith at the top of the guidelines range to 71 months. Without the California conviction, Smith's criminal history category would have been IV and the top of the guideline range would have been 57 months. Smith subsequently appealed.

On appeal, Smith asserts that the district court erred by including his California misdemeanor conviction on the basis that it was not similar to public intoxication. I agree.

The commentary to the sentencing guidelines states that §§ 4A1.1 and 4A1.2 must be read together. The sentencing guidelines also set out the following:

> In determining whether an unlisted offense is similar to an offense listed in subsection (c)(1) or (c)(2), the court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the

8

offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

U.S.S.G. § 4A1.2, Application Note 12(A).

Smith's misdemeanor California conviction involved a violation of California Health and Safety Code § 11550(a), which at the time of Smith's offense said:

> No person shall use, or be under the influence of any controlled substance which is (1) specified in subdivision (b), (c), or (e), or paragraph (1) of subdivision (f) of Section 11054, specified in paragraph (14), (15), (21), (22), or (23) of subdivision (d) of Section 11054, specified in subdivision (b) or (c) of Section 11055, or specified in paragraph (1) or (2) of subdivision (d) or in paragraph (3) of subdivision (e) of Section 11055, or (2) a narcotic drug classified in Schedule III, IV, or V, except when administered by or under the direction of a person licensed by the state to dispense, prescribe, or administer controlled substances. It shall be the burden of the defense to show that it comes within the exception. Any person convicted of violating this subdivision is guilty of a misdemeanor and shall be sentenced to serve a term of not less than 90 days or more than one year in a county jail. The court may place a person convicted under this subdivision on probation for a period not to exceed five years and, except as provided in subdivision (c), shall in all cases in which probation is granted require, as a condition thereof, that the person be confined in a county jail for at least 90 days. Other than as provided by subdivision (c), in no event shall the court have the power to absolve a person who violates this subdivision from the obligation of spending at least 90 days in confinement in a county jail.

Cal. Health and Safety Code § 11550(a) (2002). The statute was later amended to remove the mandatory minimum. Cal. Health and Safety Code §11550(a) (2011).

As the majority states, the issue of whether Smith's California misdemeanor conviction is similar to "public intoxication" is one of first

impression for this court.  The majority concludes that this statute is not similar and points to California Penal Code §647(f) as being more similar.  Section 647(f) states that a person is guilty of disorderly conduct, a misdemeanor:

> Who is found in any public place under the influence of intoxicating liquor, any drug, controlled substance, toluene, or any combination of any intoxicating liquor, drug, controlled substance, or toluene, in a condition that he or she is unable to exercise care for his or her own safety or the safety of others, or by reason of his or her being under the influence of intoxicating liquor, any drug, controlled substance, toluene, or any combination of any intoxicating liquor, drug, or toluene, interferes with or obstructs or prevents the free use of any street, sidewalk, or other public way.

Cal. Penal Code §647(f).

While this may appear to be more similar, the sentencing guidelines were not written with the California statute in mind.  Moreover, there is no prohibition against more than one California statute being similar.

The majority stresses the difference in punishments for violations under the relevant statutes.  At the time of Smith's conviction, a violation of Section 11550(a) included a mandatory minimum of 90 days in jail to a maximum of one year in jail.  However, Smith's judgment was deferred, and he was ordered to participate in drug court.

A violation of Section 647(f) involving liquor involves placement in civil protective custody for 72-hour treatment and evaluation.  Cal. Penal Code §647(g).  Whereas, a violation involving a person under the influence of any drug or a combination of drugs and alcohol falls under the general punishment of a California misdemeanor, i.e., "imprisonment in the county jail not exceeding six months, or by fine not exceeding one thousand dollars ($1,000), or by both."  Cal. Penal Code

§19. The majority interprets this to mean that California punishes use of illegal drugs more severely than public intoxication by alcohol. But the majority offers no support for such an interpretation. Also, Section 19, by use of "or" and as quoted above, clearly allows for the possibility of no jail time for those under the influence of drugs.

The majority next concludes that the elements of the offenses are different. Specifically, the majority concludes that the Texas and Model "public intoxication" laws differ from section 11550(a) because they have additional requirements of being in public and causing some damage or disturbance. Again, the majority concludes that California Penal Code Section 647(f) is more similar to the Texas and Model public intoxication laws. Again, I disagree.

The Model Penal Code states:

> A person is guilty of an offense if he appears in any public place manifestly under the influence of alcohol, narcotics or other drug, not therapeutically administered, *to the degree that he may endanger* himself or other persons or property, *or annoy* persons in his vicinity. An offense under this Section constitutes a petty misdemeanor if the actor has been convicted hereunder twice before within a period of one year. Otherwise the offense constitutes a violation.

Model Penal Code §250.5 (emphasis added). Contrary to the majority's characterization, this section does not require the defendant to cause some damage or disturbance. The requirement is only that the defendant be intoxicated "to the degree that he may endanger . . . or annoy."

Likewise, the Texas Penal Code does not require any damage or disturbance. Rather, the Texas section also requires only that the defendant "appears in a public place while intoxicated *to the degree that the person may* endanger" himself or another. Tex. Penal Code §

No. 18-11155

49.02(a). As for "public place," it is likely that a person would not be found in violation of section 11550(a) if not located in a public place.

The majority next concludes that the level of culpability for a violation of section 11550(a) is greater than that of public intoxication because section 11550(a) requires the use of an illegal substance. The majority states that "classic public intoxication" involves only the use of alcohol, a legal substance. I disagree. Additionally, the majority cites no authority for its statement that section 11550(a) requires the acquisition of an illegal controlled substance. As quoted above, the statute includes no such requirement.

Section 647(f), which the majority states is more similar to public intoxication, explicitly includes "any drug, controlled substance." This contradicts the majority's characterization of public intoxication involving only alcohol. Further, the Model Penal Code, other states including Texas, and Black's Law Dictionary include drugs and/or alcohol in public intoxication.

With regard to public intoxication, the Model Penal Code states that:

> A person is guilty of an offense if he appears in any public place manifestly under the influence of alcohol, narcotics or other drug, not therapeutically administered, to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity. An offense under this Section constitutes a petty misdemeanor if the actor has been convicted hereunder twice before within a period of one year. Otherwise the offense constitutes a violation.

Model Penal Code § 250.5.

Black's Law Dictionary (11th ed. 2019) defines "intoxication" as "A diminished ability to act with full mental and physical capabilities because of alcohol or drug consumption; drunkenness. See Model Penal Code § 2.08" and "public intoxication" as "The quality, state, or condition

of a person who is under the influence of drugs or alcohol in a place open to the general public." Older versions of Black's Law Dictionary (9th ed. 2009) define "public intoxication" as "[t]he condition of a person who is under the influence of drugs or alcohol in a place open to the general public." California has a unique statutory scheme with a separate statute for being under the influence of a controlled substance.

Moreover, the nonbinding authority relied upon by the majority here, *United States v. Martinez*, 956 F.2d 891, 892 (9th Cir. 1992), was decided in 1992, which was prior to the adoption of the five-factor common sense approach that we are applying today. Additionally, *Martinez* was decided prior to the mandatory minimum being removed from California section 11550, indicating a lessening in seriousness.

For these reasons, I conclude that the district court erred in finding that Smith's California conviction was not similar to a conviction for public intoxication. Because I would vacate and remand for resentencing, I respectfully dissent.