# United States Court of Appeals for the Fifth Circuit

———————

No. 21-30739

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gene Rudolph,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CR-87-1

———————————————————————

Before Richman, *Chief Judge*, and Graves and Wilson, *Circuit Judges*.

James E. Graves, Jr., *Circuit Judge*:

When the Government fails to prove by a preponderance of the evidence the facts necessary to support a sentencing enhancement, it has failed to meet its burden. And when the district court adopts "facts" in a Pre-Sentence Report that lack an adequate evidentiary basis with sufficient indicia of reliability, it has committed clear error. The application of the career offender enhancement to Gene Rudolph's conviction was error. Therefore, we VACATE Rudolph's sentence and REMAND for resentencing.

No. 21-30739

## BACKGROUND

On July 7, 2021, Gene Rudolph pleaded guilty to conspiracy to distribute five kilograms or more of cocaine hydrochloride and 280 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Prior to sentencing, Rudolph raised objections to the Presentence Investigation Report ("PSR") authored by a United States probation officer. Specifically, he objected to: (1) the applicable drug quantity under U.S.S.G. § 2D1.1; (2) the application of a four-point aggravating role enhancement under § 3B1.1; and (3) the application of an enhancement for possessing firearms in connection with the offense under § 2D1.2(b)(1). However, once the probation officer designating Rudolph a "career offender" under § 4B1.1(a), Rudolph's objections became immaterial. The "career offender" designation raised Rudolph's offense level to 37 and produced an advisory guideline range of 262 to 327 months of incarceration. Rudolph objected to his designation as a career offender.

Rudolph has been convicted of several crimes. On May 18, 1992, Rudolph pleaded guilty to manslaughter; he was released to parole supervision on May 26, 1995. On March 8, 1996, Rudolph was arrested for possession with the intent to distribute cocaine. On July 15, 1996, Rudolph was convicted for possession with the intent to distribute cocaine, his first drug offense. He was sentenced to five years of imprisonment and released to parole supervision on September 12, 2000. On August 16, 2004, Rudolph was convicted on charges related to cocaine distribution, his second drug offense.

According to the probation officer, Rudolph's parole for the 1996 drug offense was revoked on August 19, 2004. The probation officer cited "court records" to support her claim. Rudolph denied the probation officer's claim that his parole on the 1996 conviction was revoked. Rudolph did not provide

2

evidence to support his rebuttal. Instead, he insisted that the Government had to offer "substantive proof" that he was on parole after July 15, 2001. The probation officer provided nothing more than the assertion that "court records" supported her claim.

Rudolph conceded that the second drug offense qualifies as a predicate offense for the purposes of the career offender designation, but he argued that he should not have received criminal history points for the 1996 conviction, the first drug offense. Rudolph contended that the career offender guideline requires that predicate prior convictions are not too stale—"the convictions had to have occurred, or some part of the sentence served within fifteen years of the commencement of the instant offense." Rudolph argued that the full-term sentence for the 1996 conviction would have expired five years after his arrest on March 8, 2001, or five years after his conviction on July 15, 2001. Both dates are more than fifteen years before the commencement of the instant offense.

The Government asked the court to defer to the PSR because this case is not different from other cases where the Government relies on "court documents[,] certified copies of convictions," and "information from numerous sources" to determine if a defendant is a career offender. The Government added further that if the probation officer did not use the 1996 drug offense to reach its career offender determination, Rudolph's base offense level would only decrease from 37 to 36.

Rudolph disagrees, arguing that absent the district court's consideration of the 1996 state drug offense, his offense level would be 33 at most with an advisory guideline range of 168-210 months of incarceration— eight years lower than the career offender range. Additionally, Rudolph argues that absent the career offender designation, his other objections would not have been immaterial, which could have reduced his offense level further.

The district court acknowledged the lack of adequate evidence supporting the claim that Rudolph's parole was revoked for the 1996 drug offense in 2004 and found the matter "peculiar." But based on the record before it, the district court determined that the PSR was accurate and that Rudolph's parole on the 1996 drug offense was revoked in 2004—fifteen years within the commencement of the instant offense. The district court sentenced Rudolph to 262 months of incarceration. This appeal followed.

## STANDARD OF REVIEW

A district court's interpretation and application of sentencing guidelines are reviewed de novo. *United States v. Johnston*, 559 F.3d 292, 294 (5th Cir. 2009). The district court's factual findings are reviewed for clear error. *United States v. Goetz*, 153 F. App'x 918, 920-21 (5th Cir. 2005) (per curiam). The clear error standard of review precludes reversal of a district court's findings unless this court is left with the definite and firm conviction that a mistake has been made. *Rodriguez v. Bexar County*, 385 F.3d 853, 860 (5th Cir. 2004).

## DISCUSSION

Under the guidelines, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. §4B1.1(a). On appeal, Rudolph argues that he fails to meet (2) and (3) of the guidelines' requirements and, therefore, the district court's error warrants reversal of the career offender designation.

No. 21-30739

## I.

If the Government is the proponent of the career-offender enhancement, it has the burden of proving by a preponderance of the evidence that the enhancement is warranted. *See United States v. Richardson*, 781 F.3d 237, 249 (5th Cir. 2015); *see also United States v. Alfaro*, 919 F.2d 962, 965 (5th Cir. 1990). "Generally, a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing." *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995). "The district court may adopt the facts contained in a [PSR] without further inquiry" if two factors are met. *See United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir 2007) (quotations and citation omitted). First, "those facts [must] have an adequate evidentiary basis with sufficient indica of reliability." *Id.* at 357. (quotations and citation omitted). Second, "the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *Id.* (quotations and citation omitted). Importantly, "mere inclusion in the PSR does not convert facts lacking an adequate evidentiary basis with sufficient indica of reliability into facts a district court may rely upon at sentencing." *United States v. Melendez*, 57 F.4th 505, 509 (5th Cir. 2023). And though "mere objections" by the defendant are generally insufficient to serve as rebuttable evidence that the information in the PSR is unreliable, "such objections may sufficiently alert the district court to questions regarding the reliability of the evidentiary basis for the facts contained in the PSR." *See United States v. Harris*, 702 F.3d 226, 231 n.3 (5th Cir. 2012).

To make a career offender designation, the Government must show that the defendant's two prior felony convictions were "imposed within fifteen years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e)(1). A revocation of parole on a prior conviction, however, impacts whether the prior conviction is considered "imposed

within fifteen years." § 4A1.2(e)(1). For instance, if the revocation of parole led to the defendant being incarcerated within fifteen years of the instant offense, a conviction that is otherwise older than fifteen years of the instant offense is counted for the career offender designation. § 4A1.2(k)(2).

The district court applied the career offender enhancement by relying upon and adopting the PSR's fact determination that Rudolph was on parole in 2004 for his 1996 drug conviction. The PSR provides that prior to serving his full five-year prison sentence on the 1996 conviction, Rudolph was released to parole on September 12, 2000. It provides further that his parole on the 1996 drug conviction was revoked on August 19, 2004. Notably, the PSR lists similar parole revocation information for Rudolph's 1992 manslaughter conviction. It reflects that Rudolph was released to parole on his 1992 manslaughter conviction on September 12, 2000, and that his parole for the 1992 manslaughter conviction was also revoked on August 19, 2004.

Rudolph objected to the claim that his parole was revoked in 2004 for the 1996 drug conviction, but he did not present rebuttal evidence. Rudolph is not required to present rebuttal evidence when the Government's evidence lacks an adequate evidentiary basis; his objection "sufficiently alert[ed] the district court to questions regarding the reliability of the evidentiary basis for the facts contained in the PSR." *Harris*, 702 F.3d at 231 n.3. In fact, assuming that Rudolph was never revoked for the 1996 drug conviction, Rudolph would be required him to prove a negative.  In response to Rudolph's objection, the Government explained that its factual claim was sourced from "court records." But no records were presented to the district court in support of that assertion.

The Government did not meet its burden to prove by a preponderance of evidence that the 1996 conviction qualified for the career offender enhancement. The "fact" that Rudolph was revoked in 2004 for his 1996

drug conviction does not have an adequate evidentiary basis, and, therefore, the district court should not have adopted this "fact" as true. *See Melendez*, 57 F.4th at 509. The Government insisted that the Louisiana Department of Probation and Parole had records to support its claim, but the Government did not provide those records to the district court. The district court determined Rudolph's base offense level by relying on a bare assertion, unsupported by any other evidence, that he was incarcerated in 2004 as a result of a parole revocation on his 1996 drug conviction. Therefore, despite Rudolph's failure to present rebuttal evidence, the Government failed to provide an adequate evidentiary basis with sufficient indicia of reliability to support its claim. The district court's adoption of this fact and application of the career offender enhancement was clear error.

On appeal, the Government moved to supplement the record with evidence regarding Rudolph's 1996 conviction. This supplemental evidence was neither presented to nor considered by the district court. The Appellant contends that this court should disregard this evidence when deciding the merits of this appeal because it "violates this [c]ourt's rules" and "would deprive Mr. Rudolph of his right to test the reliability and accuracy" of the evidence.

This court does "not ordinarily enlarge the record on appeal to include material not before the district court." *United States v. Flores*, 887 F.2d 543, 546 (5th Cir. 1989)(per curiam). Moreover, for decades this court has held that it must "decline to consider the merits of issues based on new evidence furnished for the first time on appeal." *Smith v. United States*, 343 F.2d 539, 541 (5th Cir. 1965). Nevertheless, considering the probation officer's assertion that the revocation of Rudolph's parole for the 1996 conviction was supported by "court records," we granted the Government's motion to supplement the record on appeal.

Upon review, we hold that the supplemental evidence, which includes documents purportedly from the Louisiana Department of Probation and Parole, is inconclusive. Exhibit B purports to show that Rudolph served a term in Louisiana Department of Correction from July 15, 1996, until September 12, 2000. Absent interpretation, explanation, or extrapolation, the document does not answer the following: (1) whether any of his terms of incarceration were for the 1996 conviction; (2) whether he was released to parole in 2000, specifically, for the 1996 conviction; or (3) whether his parole was revoked for the 1996 conviction following his release in 2000. The information provided by the Government only tracks Rudolph's whereabouts within the Louisiana Department of Corrections. While the supplemental evidence provides that Rudolph was incarcerated for various years, it fails to clearly attribute his incarceration to the 1996 conviction. Thus, the supplemental evidence, standing alone, is insufficient to support the Government's claim that the 2004 parole revocation was for the 1996 drug conviction.  On remand to the trial court, where evidence is presented, there may be a sufficient explanation of the information provided in Exhibit B.

## II.

Finally, Rudolph contends that the instant conspiracy conviction does not qualify as a "controlled substance offense" as defined by U.S.S.G. § 4B1.2, thereby making § 4B1.1 inapplicable. The Government argues that Rudolph's offense does qualify as a "controlled substance offense" under *United States v. Vargas*, 74 F.4th 673 (5th Cir. 2023) (en banc). We agree with the Government.

No. 21-30739

Rudolph's argument is that the text of § 4B1.2 does not cover "inchoate" versions of its listed offenses.[1] Section 4B1.2(b) defines "controlled substance offense" as a federal or state offense, punishable by imprisonment for a term exceeding one year that: "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b) (2016) (U.S. Sentencing Comm'n, amended 2023). By contrast, the Sentencing Commission's commentary on § 4B1.2 defines "controlled substance offenses" to include "offenses of aiding and abetting, conspiring, and attempting to commit such offenses. *Id.*, cmt. n.1. The commentary includes inchoate offenses; the statute does not. Rudolph contends that the district court improperly deferred to the list of inchoate offenses in the commentary, which is inconsistent with the statutory text.

However, in *Vargas*, this court held that the Sentencing Commission's commentary in § 4B1.2 cmt. n.1 was binding. 74 F.4th at 683–91. The en banc court reasoned that courts must defer to the guideline commentaries unless there is a "flat inconsistency" between the guideline and the commentary. *Vargas*, 74 F.4th at 690. In other words, there must be an "irreconcilable variance between the two." *Id.* at 684. And this court "[did] not find that kind of 'flat inconsistency' between the guideline definition of controlled substance offense and the commentary's view that the definition includes conspiracies." *Id.* at 690.

_____

[1] § 4B1.2 was amended in November 2023 to include inchoate offenses.  But we are still bound to follow the earlier guideline for Rudolph's case because he was sentenced prior to November 2023. *See United States v. Martinez-Ovalle*, 956 F.3d 289, 293 (5th Cir. 2020) (rejecting the Government's argument to retroactively apply a "clarifying" amendment to the Guidelines).

*Vargas* controls, and we are therefore bound by the commentary. Therefore, the district court's deference to how the Sentencing Commission's commentary defines a "controlled substance offense" is appropriate.

Based on the foregoing, we VACATE Rudolph's sentence and REMAND to the district court for resentencing upon review and consideration of any supplemental evidence.