# United States Court of Appeals
# for the Fifth Circuit

No. 25-30351
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gene Rudolph,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CR-87-1

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:*

Gene Rudolph pleaded guilty to conspiracy to distribute and to possess with intent to distribute cocaine hydrochloride and cocaine base. The calculation of his advisory guidelines imprisonment range of 262 to 327 months included a career-offender enhancement under U.S.S.G. § 4B1.1(a), which was based on Rudolph's prior Louisiana convictions for cocaine-

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

trafficking in 1996 and 2004. On appeal, we agreed with Rudolph that the Government had not met its evidentiary burden to show that Rudolph had served some portion of his sentence on the 1996 conviction within 15 years of the 2018 commission of the instant federal offense. *See United States v. Rudolph*, 103 F.4th 356, 361-63 (5th Cir. 2024); U.S.S.G. § 4A1.2(e)(1) & (k)(2). We vacated and remanded for resentencing after review and consideration of any supplemental evidence the Government presented on this issue. *Rudolph*, 103 F.4th at 362-63. On remand, the district court again determined that the career-offender enhancement applied. Although Rudolph's advisory guidelines range remained the same, the district court varied downward and sentenced him to 186 months of imprisonment to be followed by five years of supervised release.

In this appeal, Rudolph argues that the district court committed the same error it previously committed because the Government presented the same evidence it had previously presented in his original appeal. This is largely incorrect. The district court on remand held an evidentiary hearing at which the Government presented some previously presented documentation, some new documentation, and testimony showing by a preponderance of the evidence, *see United States v. Richardson*, 781 F.3d 237, 249 (5th Cir. 2015), that, in connection with his 1996 drug case, Rudolph was sentenced to five years in prison and that he served some portion of his sentence on the 1996 conviction within the 15 years preceding the commission of the instant federal offense. We disagree with Rudolph that this evidence was unreliable. Thus, on remand, the district court did not err in assigning criminal history points to Rudolph's 1996 conviction and in applying the career-offender enhancement. *See United States v. Smith*, 939 F.3d 687, 689 (5th Cir. 2019); U.S.S.G. §§ 4B1.1(a), 4A1.2(e)(1) & (k)(2).

Rudolph also argued on remand and argues again in this appeal that the career-offender enhancement did not apply because the Louisiana

No. 25-30351

definition of cocaine in 1996 and 2004 was broader than its federal counterpart. He did not present this argument in his original appeal, and the district court correctly determined that the issue was beyond the scope of this court's remand. *See United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012); *Rudolph*, 103 F.4th at 362-63.

AFFIRMED.